IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00841-PAB-BNB

DONALD E. FYMBO,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO;
MITCHELL MORRISEY, District Attorney;
ALFRED HARRELL, Denver County Judge;
JOHN LIETZ, Detective, Denver Police Department;
STATE OF COLORADO, Denver Auto Dealer Licensing Board;
FRANK MACIAS; and
ROBERT KENNEY,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on my Order to Show Cause issued on October 9, 2014 [Doc. #20]. I respectfully RECOMMEND that defendant State of Colorado, Denver Auto Dealer Licensing Board be DISMISSED.

The plaintiff filed his Complaint on March 21, 2014. A plaintiff who commences a civil action by the filing of a complaint is responsible for service of the summons and complaint on each of the named defendants within 120 days. Fed. R. Civ. P. 4(c)(1) and (m). "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1).

On April 1, 2014, I ordered the plaintiff to file proof of service on or before July 21, 2014. The plaintiff did not file proof of service on defendant State of Colorado, Denver Auto

Dealer Licensing Board. In addition, the plaintiff failed to comply with Fed. R. Civ. P. 4(m), which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

The 120 days for service provided in Rule 4(m) expired on July 19, 2014. Accordingly, I ordered the plaintiff to show cause on or before October 22, 2014, why this action should not be dismissed as against defendant State of Colorado, Denver Auto Dealer Licensing Board for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court. D.C.COLO.LCivR 41.1. I warned the plaintiff that failure to timely show cause would result in my recommendation that this case be dismissed without prejudice as against defendant State of Colorado, Denver Auto Dealer Licensing Board. The plaintiff did not respond to my show cause order. Accordingly,

I respectfully RECOMMEND that defendant State of Colorado, Denver Auto Dealer Licensing Board be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.[1]

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-

Case 1:14-cv-00841-PAB-BNB   Document 24   Filed 10/27/14   USDC Colorado   Page 3 of 3


Dated October 27, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

---

48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).