IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 14-cv-00841-PAB-BNB

DONALD E. FYMBO,

Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO;
MITCHELL MORRISEY, District Attorney;
ALFRED HARRELL, Denver County Judge;
JOHN LIETZ, Detective, Denver Police Department;
STATE OF COLORADO, Denver Auto Dealer Licensing Board;
FRANK MACIAS; and
ROBERT KENNEY,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the **City and County of Denver's Motion to Dismiss** [Doc. #11,

filed 08/15/2014] (the "Motion").[1]  I respectfully RECOMMEND that the Motion be

GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v.

Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however,

---

[1]Separately, I have recommended that the other defendants be dismissed based on the plaintiff's failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court [Docs. ## 21 and 24].

who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Complaint on March 21, 2014. The Complaint contains the following allegations:

1. The plaintiff is the owner of over 100 vintage and collectible automobiles. Twenty-seven of those vehicles were made in 1980 or later. The 27 collector vehicles were allegedly offered for sale on a website that does not contain the plaintiff's name, address, place of business, or telephone number. *Complaint*, ¶ 14.

2. On March 15, 2013, a summons was issued by defendant Investigator Frank Macias which charged the plaintiff with 27 counts of violating C.R.S. 12-6-120(2), "acting as an unlicensed motor vehicle dealer." Id. at ¶ 12.

3. The State of Colorado and the Denver Police illegally seized six of the collector cars while they were being stored on private property. Macias put a hold on the vehicles at the

2

Denver impound lot so they could not be released.  The cars are still in the impound lot, and the plaintiff has incurred tens of thousands of dollars of towing and storage charges.  Id. at ¶ 15.

    4.   A jury found the plaintiff guilty of 24 counts of violating C.R.S. 12-6-120(2).  Id. at ¶ 21.

    5.   The Police Department of the City and County of Denver has "adopted a policy, custom, and practice of illegally seizing vehicles from private property, illegally seizing vehicles for no proof of insurance and other perceived traffic violations, without due cause, impounding those vehicles in the City Pound, and have initiated practices to prevent their release to their rightful owners, where they are sold at public auction for the unjust enrichment of the City and State of Colorado and their employees."  Id. at p. 2.

    The plaintiff brings three claims against the City and County of Denver.  Claim One alleges that all of the defendants violated the plaintiff's Fourth Amendment right to be free from unreasonable seizures and "not be deprived of his property without due process of law and to be allowed a fair trial."  Id. at pp. 8-9.  Claim Two also alleges that the defendants unlawfully seized the plaintiff's personal property and deprived him of his property without due process of law.  Id. at pp. 9-10.  Claim Three alleges that the plaintiff was denied the right to a fair and speedy trial in violation of the Sixth and Fourteenth Amendments.  Id. at p. 10.  The plaintiff seeks compensatory and punitive damages and attorney fees and costs.  Id. at p. 11.[2]

_____

[2]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

### III.   ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State, . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The plaintiff claims that the City and County of Denver is liable for illegally seizing,

impounding, and selling the plaintiff's vehicles and denying him a fair and speedy trial.  In

Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the Supreme

Court held that "a local government may not be sued under § 1983 for an injury inflicted solely

by its employees or agents.  Instead, it is when execution of a government's policy or custom,

whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible under § 1983."

Id. at 694.  A policy is a policy statement, ordinance, regulation, or decision officially adopted

and promulgated by the entities' officers.  Id. at 690.  A custom is a "persistent and widespread .

. . practice[] of ... officials."  Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144,

167-168 (1970)).

The plaintiff has not articulated any specific facts to state a plausible claim that any

custom or policy is responsible for the deprivation of his constitutional rights.  Plausibility refers

to "the scope of the allegations in a complaint: if they are so general that they encompass a wide

swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across

the line from conceivable to plausible.'"  Robbins v. Okla. ex rel. Dep't of Human Servs., 519

4

F.3d 1242, 1247 (10th Cir. 2008) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "[M]ere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim."  <u>Kansas Penn Gaming, LLC v. Collins</u>, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotations and citation omitted).

The plaintiff does not provide any factual allegations against the City and County of Denver supporting his claim for denial of a fair and speedy trial.  With regard to the claims about his vehicles, he provides only a formulaic recitation of the elements of a cause of action against a local government.  Those allegations are conclusory and are insufficient to establish that the City and County of Denver was responsible for the development and enforcement of a specific policy to illegally seize, impound, and sell vehicles.  Accordingly, the claims against the City and County of Denver should be dismissed.

## IV.   CONCLUSION

I respectfully RECOMMEND that the City and County of Denver's Motion to Dismiss [Doc. #11] be GRANTED and that all claims against the City and County of Denver be DISMISSED.[3]

---

[3]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 21, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge