IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00841-PAB-BNB

DONALD E. FYMBO,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER, COLORADO,

    Defendant.

_____

**ORDER**
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 25] filed on November 21, 2014. The magistrate judge recommends that the Motion to Dismiss [Docket No. 11] filed by defendant City and County of Denver, Colorado be granted.[1]  Docket No. 25 at 5.  On December 11, plaintiff Donald Fymbo filed an objection, which the Court construes as an objection to the November 21, 2014 Recommendation.  Docket No. 26.  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

    The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiff.  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ."  *United*

---

[1] All references to "defendant" are to the City and County of Denver, Colorado.

*States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See* Docket No. 25 at 5 n.3 (citing 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)). The Recommendation was served on November 21, 2014. Therefore, plaintiff's objection filed on December 11, 2014 is untimely and fails to trigger de novo review of the Recommendation. As a result, the Court has reviewed the Recommendation and is otherwise satisfied that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

Even if the Court were to consider the substance of plaintiff's objection, plaintiff's objection is without merit. The Recommendation concluded that plaintiff's complaint failed to allege the "development and enforcement of a specific policy to illegally seize, impound, and sell vehicles" and did not contain sufficient factual allegations supporting

---

[2]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

plaintiff's claim for "denial of a fair and speedy trial." Docket No. 25 at 5. Plaintiff primarily argues that he does not need to establish that his alleged deprivation of rights was caused by defendant's adoption of a policy, custom, or practice. Docket No. 26 at 3. Plaintiff is incorrect. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978) (footnote omitted). Municipalities cannot be held liable "under a theory of *respondeat superior*." *Bd. of the Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 406-07 (1997) ("That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." (emphasis in original)). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Here, although plaintiff's complaint alleges, for example, that defendant "knew of, supported, adopted, approved and ratified the policy, custom or practice of ignoring and violating the constitutional rights of the Plaintiff," Docket No. 1 at 4, ¶ 7, such allegations are conclusory and "do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff does not otherwise identify any factual allegations that would evidence the adoption of a policy or custom by defendant and the Court in its own review of plaintiff's complaint

finds no such allegations. Thus, even if plaintiff timely raised this issue, plaintiff has failed to establish that this aspect of the Recommendation is in error.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 25] is **ACCEPTED**. It is further

**ORDERED** that the City and County of Denver's Motion to Dismiss [Docket No. 11] is **GRANTED**. It is further

**ORDERED** that this case is dismissed in its entirety.

DATED December 17, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge